UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK B. TOMPKINS,

    Plaintiff,

    v.                              Case No. 25-cv-0698-bbc

VALDIS COLLINS, et al.,

    Defendants.

**DECISION AND ORDER**

    Plaintiff Patrick Tompkins, an inmate at the Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. Tompkins is proceeding on an Eighth Amendment claim based on allegations that Lakingdria Skinner was deliberately indifferent to his mental health condition when she ignored Tompkin's cellmate's threats of self-harm, which the cellmate carried out in front of Thomkins shortly after making the threats. Tompkins is also proceeding on a deliberate indifference claim against Valdis Collins based on allegations that, despite Tompkins' request that he be moved to a different cell, Collins made Tompkins return to the cell where his cellmate had just self-harmed. Dkt. No. 8. On July 14, 2025, Defendants moved for summary judgment on the ground that Tompkins failed to exhaust the administrative remedies before he brought this lawsuit. Dkt. No. 14. For the reasons explained below, the Court will grant the motion and dismiss this case.

**PRELIMINARY MATTERS**

    Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1).

Per the rules, the statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L. R. 56(b)(1)(C). Defendants submitted proposed findings of fact in support of their summary judgment motion in compliance with the local rules. *See* Dkt. No. 16.

The rules also require the party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to each paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

Defendants, as required by the local rules, included the text of Fed. R. Civ. P. 56, Civil L. R. 7, and Civil L. R. 56 in their motion for summary judgment. Dkt. No. 14. Moreover, the day after Defendants moved for summary judgment, the Court entered a notice and order informing Tompkins that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." Dkt. No. 18. The Court specifically clarified that "[i]t is not enough for Tompkins to file only a declaration telling his side of the story. Civil L. R. 56(b)(2)(B) requires Tompkins to respond to *each* proposed fact." *Id.* The Court warned Tompkins that if he "does not respond to a proposed fact, the Court will assume that Tompkins does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration." *Id.*

On December 11, 2025, Tompkins filed a combined legal brief and declaration in response to Defendants' motion for summary judgment. Tompkins did *not* respond to Defendants' proposed facts. Accordingly, as Tompkins was warned, Defendants' proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem

2

unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same). With these considerations in mind, the Court turns to the substance of Defendants' summary judgment motion.

## BACKGROUND

On April 26, 2024, the institution complaint examiner received a complaint from Tompkins, in which he indicated that he had witnessed his cellmate self-harm on March 23, 2024. Tompkins further stated that he had suffered trauma from the experience and was having bad nightmares. He stated that he currently had a good cellmate who was helpful. He complained that psychiatric staff was delaying his appointments. The inmate complaint was dismissed on May 20, 2024, and Tompkins' appeal was dismissed on June 10, 2024. Dkt. No. 16 at ¶¶10-15.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show

---

[1] Although Emily Davidson, a corrections complaint examiner, cites to the inmate complaint in her declaration, the inmate complaint was not filed along with her declaration. Tompkins filed copies of the reviewing authority's dismissal decision, which summarizes the content of the inmate complaint. *See* Dkt. No. 20-1. Defendants also set forth the substance of the inmate complaint in their reply brief. *See* Dkt. No. 21 at 1-2.

3

that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Wisconsin has established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Stat. §DOC 310.06(1). In Wisconsin, an inmate is required to file an inmate complaint "within 14 days after the occurrence giving rise to the complaint." §DOC 310.07(2). Each inmate complaint must contain only one clearly identified issue. §DOC 310.07(5).

Moreover, although the applicable Wisconsin statutes do not require that an inmate complaint identify the perpetrator of an alleged problem or identify the potential legal claim that may later be pursued, *see Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021), the inmate complaint must "provide notice to the prison of the nature of the wrong for which redress is sought," *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). The nature of the wrong identified by Tompkins in his inmate complaint was that psychiatric staff was delaying his appointments. This discrete issue did not provide notice to the prison of his complaints that Skinner had allegedly ignored his cellmate's requests for help or that Collins had allegedly traumatized him by forcing him to return to his cell. Without notice of these particular concerns, the prison was deprived of the opportunity to investigate and resolve those concerns before

Tompkins filed this lawsuit. *See Schillinger*, 954 F.3d at 993 (holding that the inmate complaint must provide notice of and an opportunity to correct the particular claims raised in the lawsuit). Tompkins therefore failed to exhaust the available administrative remedies, and Defendants are entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 14) is **GRANTED** and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on January 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.